[Sac. No. 4456. In Bank.—August 8, 1931.]

THEODORE A. KOHLER, Appellant, v. FRANK V. THOMAS et al., Respondents.

E. H. Armstrong for Appellant.

W. E. Wright and Nilon, Hennessy & Kelly for Respondents.

SHENK, J.—This is an appeal from a judgment for the defendants in an action to quiet the plaintiff's title to real property in Grass Valley. The court granted a motion for a nonsuit after both sides had introduced evidence and rested.

The action covered numerous pieces of property, but was finally narrowed down to a controversy over the title to what is called ''Old Block Mining Claim'', consisting of about ten acres of unimproved land. The original claim was patented to Reuben Thomas, father of the defendant Frank V. Thomas, in 1871. The defendant Thomas acquired a three-sevenths interest in the property in 1904. In 1912 he conveyed his interest therein to one Hughes. Thereafter on July 11, 1921, he reacquired said three-sevenths interest. In 1925 he acquired the remaining four-sevenths.

In 1919 the plaintiff commenced an action for an unpaid grocery bill against the defendant Thomas in the justice's court of Grass Valley township and levied an attachment against said real property. The action went to judgment, execution was issued and the constable went through the form of selling the property to satisfy the judgment and issued his deed. The evidence shows that the property was sold under execution and the constable's deed was issued six months prior to the time the defendant reacquired the three-sevenths interest and that from the time the action was

commenced until six months after the issuance of the constable's deed the defendant Thomas had no interest in said property. Upon this showing the plaintiff during the trial very properly ceased to press his claim of title based on the constable's deed, but insisted upon the sufficiency of his proof of title by adverse possession. The trial court held that the proof in this respect was fatally lacking in that the essential elements of actual, continuous, uninterrupted and adverse possession by the plaintiff for the statutory period was not shown to exist.

██ The real property is vacant land adjoining property owned by the defendant Thomas and on which he resided. The land involved herein was not inclosed by a fence or otherwise, although a wire fence on the east side thereof had existed for many years. The plaintiff had never lived on the property. The only semblance of occupancy on his part was that many times during the course of the years he and his family had gone into the property for a picnic or outing, the plaintiff's son had been thereon many times hiking and hunting, and the plaintiff had authorized others at times to cut and remove manzanita wood therefrom. There is no evidence that the plaintiff or any member of his family or anyone authorized to act for him ever resided on the property. Furthermore, the plaintiff never advised the record owner during the time he claimed the prescriptive right to have attached that he was claiming adversely to such owner. The defendant Thomas did not know of the adverse claim until the present action was filed and there is nothing in the evidence upon which he or his predecessor may legally be charged with notice of the adverse claim on the part of the plaintiff. ██ The fact that the plaintiff had the land resurveyed with the knowledge and without objection on the part of the defendant Thomas is not such constructive notice as would satisfy the statute. (Code Civ. Proc., sec. 322; *Hart* v. *All Persons, etc.,* 26 Cal. App. 664 [148 Pac. 236].)

From a review of all the evidence it must be declared that a *prima facie* case was not presented in favor of the plaintiff and the court properly granted the motion for nonsuit.

The judgment is affirmed.

Seawell, J., Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.